IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-505-BO

| | | |
|---|---|---|
| INESTA HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TUFTS HEALTH PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's motion to dismiss [DE 18]. The defendant seeks dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(2)&(3). For the reasons discussed herein, the defendant's motion is GRANTED.

## BACKGROUND

Defendant has named Tufts Health Plan (THP) as her employer. Defendant alleges that the plaintiff was actually hired by Tufts Associated Health Plans, Inc (TAHP) and that TAHP should have been the named defendant in this suit.[1] It is undisputed that the plaintiff was hired as part of a conciliation agreement between TAHP and the Office of Federal Contract Compliance Programs (OFCCP). She reported to orientation on February 1, 2010 and was employed as a customer service representative in the Tufts Watertown, Massachusetts facility for that single day only. It is disputed whether the plaintiff voluntarily left this employment or was terminated. The plaintiff alleges that she was a victim of racial discrimination while working for Tufts and upon her departure.

---

[1] For purposes of this motion, the Court refers to TAHP and THP collectively, when appropriate, as Tufts.

1

Plaintiff filed the underlying charge of discrimination with the United States Department of Labor on May 17, 2010. In that charge the plaintiff alleged that she had been discriminated against because of her race in violation of Title VII of the Civil Rights Act of 1964. Subsequently, the plaintiff received a Notice of Right to Sue on May 16, 2012. Plaintiff filed the instant action on August 16, 2012.

TAHP is a for-profit Delaware corporation that maintains its headquarters in Watertown, Massachusetts. There is no evidence that TAHP holds any insurance licenses or other business licenses permitting it to do business in North Carolina. Further, TAHP maintains no offices in North Carolina.

THP is a not-for-profit health maintenance organization and holds insurance licenses in Massachusetts and Rhode Island. Neither THP nor TAHP are registered with the North Carolina Secretary of State. Additionally, the corporations have no offices, facilities, employees, mailing addresses, local telephone numbers, property, or bank accounts located in the State of North Carolina. Further, neither has any parent or subsidiary companies doing business in North Carolina.

## DISCUSSION

Upon a defendant's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). A federal court may entertain a suit involving a defendant residing in a state other than the state in which the court is located in two situations. First, if the foreign party maintains "systematic and continuous" contacts with a state, the state has general personal jurisdiction over that person such that they may be brought into court to defend themselves against any claim. *See Perkins v. Benguet Consol. Mining Co.*, 342

U.S. 437, 446 (1952). When there are no such contacts, a court may assert personal jurisdiction only if the defendant's contacts with the forum state give rise to the claims brought against him. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). This type of personal jurisdiction is referred to as specific personal jurisdiction.

Here, the facts do not support a finding of "continuous and systematic" contact with the state such that general personal jurisdiction could be found. Therefore, the Court turns to the issue of specific personal jurisdiction. For a district court to properly exercise specific personal jurisdiction over a nonresident defendant, two conditions must be met: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute, and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *See Christian Sci. Board of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Because North Carolina's long-arm statute "is designed to extend jurisdiction over nonresident defendants to the fullest limits permitted by the Fourteenth Amendment's due process clause," these inquiries collapse into one. *See ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). This Court may exercise personal jurisdiction consistent with due process if the defendants have "minimum contacts" with the forum such that to require them to defend their interests in North Carolina "does not offend traditional notions of fair play and substantial justice." *See Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In addition, the defendant must have purposefully availed itself of the privilege of conducting business within the forum state, giving it "fair warning that a particular activity may subject [it] to the jurisdiction of a foreign sovereign." *See CFA Institute v. Institute of Chartered Fin. Analysts of India*, 551 F.3d 285, 293 (4th Cir. 2009).

Here, the plaintiff's only statements relating to the State of North Carolina are those relating to her own residence in the state. The plaintiff neither included a statement of the defendant's contacts with North Carolina in her complaint, nor offered evidence to support a finding of such contacts after the defendant filed its motion to dismiss. As such, the plaintiff falls woefully short of making a *prima facie* showing of this Court's personal jurisdiction over the defendant. Therefore, this matter is properly dismissed under Federal Rule of Civil Procedure 12(b)(2).

## CONCLUSION

For the foregoing reasons, this court lacks personal jurisdiction over the defendant and the defendant's motion to dismiss is GRANTED. This matter is DISMISSED and the clerk is DIRECTED to close the file.

SO ORDERED.

This __20__ day of April, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE